CLIFTON, Circuit Judge,
concurring in part and dissenting in part.
I agree that the petition for review should be granted because the BIA failed to review the IJ’s findings of fact for clear error, as it is required to do. I disagree, however, with our declaration that petitioner is accordingly eligible for adjustment of status. That is a decision that is supposed to be left to the BIA, not made by us. See INS v. Ventura, 537 U.S. 12, 16-18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002). The case should be remanded for the BIA to review the IJ’s findings of fact applying the proper standard.
The authority cited by the majority to justify its result does not fit this situation. Indeed, in that case, Vitug v. Holder, 723 F.3d 1056 (9th Cir.2013), we expressly recognized that when the BIA fails to apply the clear error standard of review to an IJ’s factual findings, “we typically remand so that the BIA may apply the correct standard of review and properly consider the IJ’s factual findings.” Id. at 1064. We did not do so in that case because we concluded that no reasonable factfinder could reach a contrary result. Id. at 1065.
The majority does not contend that is true here, and it is not. Based on the testimony given by Rodriguez-DeEspinoza at the hearing, a reasonable factfinder could conclude that she did, in fact, admit to alien smuggling.
The explanation offered by the IJ for her finding was that “in many of [Rodriguez-DeEspinoza’s] responses to questions either by the Court or by Government counsel, [Rodriguez-DeEspinoza] did not elaborate on her conduct, but made various one- or two-word responses acknowledging the questions that she was asked.”
But short, evasive responses rarely demonstrate innocence. There was no indication that Rodriguez-DeEspinoza did not understand the questions. It appeared that she was trying simply to fend them off. And not all of her responses were quite so short. At one point she declared: “I was doing a favor with my children’s birth certificate.” The IJ then followed up by asking her: “Do you think if you’re just *374 trying to help somebody with your children’s birth certifícate that it’s not an alien smuggling? That it’s not alien smuggling if you’re not paid? What are you saying?” Rodriguez-DeEspinoza: “I was doing a favor.” Judge: “So if it’s a favor it’s not alien smuggling?” Rodriguez-DeEspinoza: ‘Tes, yes, I know.”
The IJ may have found, following the testimony, that Rodriguez-DeEspinoza’s admissions were insufficient to establish her participation in alien smuggling, but it is incorrect to conclude that no reasonable factfinder could find to the contrary. Nor, in my view, would it be impossible for the BIA to decide that the IJ’s finding was clearly erroneous, especially given, as the BIA’s decision expressly noted, Rodriguez-DeEspinoza bore the burden of proof to establish her eligibility for relief. The matter should be remanded to permit the BIA to apply the proper standard, as Ventura and Vitug tell us to do.